IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEXTER WATSON                                                    PETITIONER

VS.                                 CIVIL ACTION NO. 5:14-cv-108(DCB)(MTP)

RAYMOND BYRD                                                     RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 31)** and Petitioner Dexter Watson's objections thereto **(docket entries 34, 37)**. Magistrate Judge Parker recommends that the Court deny Dexter Watson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry 1). Having reviewed the Report and Recommendation, Petitioner's objections, and applicable statutory and case law, the Court finds as follows:

I. Factual and Procedural Background

Watson is currently in the custody of the Mississippi Department of Corrections, serving a life sentence for murdering Patricia Dotson. Dotson died of blunt-force injuries, including a stab wound severing her jugular vein.

Dotson's body was found near First Baptist Church in Port Gibson, Mississippi, on March 6, 2011. On the same day, the Chief Deputy of the Claiborne County Sheriff's Department interviewed

Watson. The Chief Deputy noticed stains on Watson's shoes and scratches on Watson's arms. Watson stated that he had last seen Dotson several days earlier.

Later, Watson was interviewed by an agent for the Mississippi Bureau of Investigation. Although Watson first told the agent that he had not seen Dotson in several days, he later stated that two men named "Cool" and "Little Will" murdered Dotson. Watson further claimed that he was outside a home, heard arguing inside, and entered to find Dotson alive but lying in a pool of blood. Watson stated that he witnessed two men load Dotson into the back of a car and dump her body. Watson said he wiped blood off of Dotson's body with his t-shirt before throwing it into an abandoned building. The agent was unable to locate the men Watson implicated and could not corroborate much of Watson's story.

At trial, Watson's testimony cast "Cool" and "Little Will" as the murderers. Watson testified that before Dotson and "Little Will" went behind the church, "Cool" told him, "You better not open your mouth." Watson further testified that when he went behind the church, he found Dotson bleeding. Dotson said a few words and then died.

A Claiborne County jury found Watson guilty of murder, triggering a sentence of life imprisonment. The Mississippi Court of Appeals affirmed his conviction, and the Mississippi Supreme

Court denied his petitions for post-conviction relief. Watson filed Original and Amended Petitions for Habeas Corpus, raising ten grounds for relief:

(1) Watson was illegally arrested and unreasonably searched and seized.

(2) The evidence was insufficient to support Watson's murder conviction.

(3) The jury was improperly instructed.

(4) The jury was not instructed on the essential elements of the offense of murder.

(5) Watson's constitutional rights were violated when he was not afforded an initial appearance.

(6) Watson's trial counsel was ineffective in failing to conduct an adequate pretrial investigation.

(7) Watson's trial counsel was ineffective in failing to request a jury instruction on the lesser-included offense of manslaughter.

(8) Watson's trial counsel was ineffective in failing to obtain a "blood-stain pattern" expert.

(9) Watson's trial counsel was ineffective in failing to request a circumstantial evidence instruction.

(10) Watson's appellate counsel was ineffective.

(docket entry 1, pp. 1-24; docket entry 18, pp. 1-5)

On June 6, 2017, Magistrate Judge Parker entered his Report and Recommendation denying Watson's Petition for Habeas Corpus

(docket entry 31). Watson timely objected to Magistrate Judge Parker's Report and Recommendation on July 21, 2017.[1]

## II. Magistrate Judge's Findings

In his Report and Recommendation, Magistrate Judge Parker thoroughly examined each of the ten grounds for relief raised by Watson and found habeas relief unwarranted.

Magistrate Judge Parker deemed Watson's illegal arrest and seizure contention (ground one) unavailing because Watson had an "opportunity for full and fair litigation of that claim at trial and on direct review" (docket entry 31, p. 8).

Magistrate Judge Parker found relief unwarranted on Watson's sufficiency of evidence challenge (ground two) because "[t]he evidence in this case, when viewed in the light most favorable to the State, is not such that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (docket entry 31, p. 10).

Magistrate Judge Parker reasoned that Watson's challenges to the jury instructions (grounds three and four) were barred from habeas review because those arguments were raised in Watson's second petition for post-conviction relief in state court (docket

---

[1] Ordinarily, a party must file an objection to a magistrate judge's report and recommendation within fourteen days. 28 U.S.C. § 636(b)(1). Because Watson was served by regular mail, however, three days were added to the fourteen-day objection period. Fed. R. Civ. P. 6(d). Further, the Court granted Watson an additional thirty days to file his objections to Magistrate Judge Parker's Report and Recommendation (docket entry 33).

entry 31, pp. 10-13). Because the petition containing the jury instruction challenges was barred by the Mississippi Uniform Post-Conviction Collateral Relief Act's successive-writ prohibition, a procedural rule "independent and adequate to support the judgment," grounds three and four were barred from habeas review (docket entry 31, p. 11).

Magistrate Judge Parker also found that Watson was not entitled to relief on the basis of the State's alleged violation of Rule 6.03 of Mississippi's Uniform Rules of Circuit and County Court Practice (ground five). Magistrate Judge Parker reasoned that Watson's waiver of his Miranda Rights operated as a waiver of the Rule 6.03 presentment requirement (docket entry 31, p. 17).

Finally, Magistrate Judge Parker concluded that Watson's ineffective assistance of counsel claims (grounds 6-10) were insufficient to justify habeas relief because Watson failed to show that the Mississippi Supreme Court's decision to reject those claims involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984) (docket entry 31, pp. 14-26).

### III. Petitioner's Objections

When a party objects to a magistrate judge's proposed findings and recommendations under 28 U.S.C.§ 636(b)(1), the Court reviews de novo those recommendations to which an objection is made. See 28 U.S.C. § 636(b)(1)(C); Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). The Court is not required to reiterate the

5

findings and conclusions of a magistrate judge, nor need it consider frivolous, conclusory, or generalized objections. Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate with further instructions. 28 U.S.C. § 636(b)(1)(C).

Watson timely filed an objection to the Report and Recommendation, appearing to argue that Magistrate Judge Parker erred in: (1) "re-weighing the evidence" (docket entry 34, pp. 2, 6); (2) concluding that Mississippi's successive-writ prohibition, Miss. Code Ann. § 99-39-27(9), was regularly followed at the time of Watson's appeal (docket entry 34, pp. 3, 7-8); (3) finding a manslaughter instruction unwarranted, such that Watson's trial counsel could not be held ineffective for failing to request such an instruction (docket entry 34, pp. 4, 10); (4) finding a general circumstantial evidence instruction unnecessary, such that Watson's trial counsel could not be held ineffective for failing to request such an instruction (docket entry 34, pp. 5, 11-12); and (5) finding his ineffective assistance of appellate counsel claim meritless (docket entry 34, pp. 5, 12-13).

In his first objection, Watson contends that Magistrate Judge Parker applied an incorrect standard of review and "re-weighed" the evidence (docket entry 34, p. 6). A review of Magistrate Judge

6

Parker's Report and Recommendation confirms that no "re-weighing" occurred. Magistrate Judge Parker properly applied the standard of review prescribed by 28 U.S.C. § 2254(d) to the specific issue of whether a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

In his second objection, Watson argues that the Report and Recommendation erroneously avoided review of the arguments contained in the procedurally-barred petitions he filed in state court. Specifically, Watson attempts to overcome the procedural bar enunciated in Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001) by arguing that Mississippi did not strictly follow the successive-writ bar around the time of his appeal (docket entry 34, pp. 3, 7-8).

To avail himself of this exception, Watson must "demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997); see also Nixon v. Epps, 111 F. App'x 237, 245 (5th Cir. 2004). As purported support, Watson cites Ballenger v. State, 761 So. 2d 214 (Miss. 2000); Shaffer v. State, 740 So. 2d 273, 282 (Miss. 1998); Hunter v. State, 684 So. 2d 625 (Miss. 1996); and Harrell v. State, 134 So. 3d 266 (Miss. 2014) (docket entry 34, p. 7). But none of

7

these cases support the argument that the successive-writ prohibition was not strictly applied at the time of his appeal. Thus, Watson's objection lacks merit.

In his third and fourth objections, Watson takes issue with the Report and Recommendation's rejection of his claims of ineffective assistance of counsel. Specifically, Watson contends that manslaughter and circumstantial evidence instructions were warranted, and his lawyer's failure to request such instructions constitutes ineffective assistance of counsel (docket entry 34, pp. 10-12).

With regard to Watson's ineffective assistance of counsel arguments (objections three, four, and five), Magistrate Judge Parker's Report and Recommendation properly framed the issue as: "whether the Mississippi Supreme Court's decision to reject Petitioner's ineffective assistance claims involved an unreasonable application (and not merely an incorrect application) of Strickland" (docket entry 31, p. 15) (internal brackets and quotations omitted). This Court's de novo review of the objections confirms that the Report and Recommendation resolved each correctly.

As to objection three, the Report and Recommendation correctly concluded that the evidence presented at trial did not support a lesser-included offense instruction (docket entry 31, p. 24). The Report and Recommendation was further correct to advise

that, even if the evidence supported a lesser-included offense instruction, counsel's decision to eschew such an instruction could have been a matter of sound trial strategy. See, e.g., Mosley v. Quarterman, 306 F. App'x 40, 48 (5th Cir. 2008). At bottom, Watson has not shown that the Mississippi Supreme Court unreasonably applied Strickland in rejecting his claims of ineffective assistance of counsel on the basis of counsel's failure to request a lesser-included offense instruction. Thus, the Report and Recommendation properly found habeas relief unwarranted on this basis, and Watson's objection is without merit.

As to objection four, the Report and Recommendation was correct to reject Watson's claim of ineffective assistance of counsel based on a failure to request a circumstantial evidence instruction. Even assuming the case against Watson was "purely or wholly circumstantial," Mississippi law required only either a "two-theory" or circumstantial evidence instruction to be given. Jordan v. State, 158 So. 3d 348, 350 (Miss. Ct. App. 2014). Watson does not dispute that his counsel requested a "two-theory" instruction. A circumstantial evidence instruction is necessarily included in a "two-theory" instruction. See Id., 158 So. 3d at 350. Thus, a separate circumstantial evidence instruction was not required and the Report and Recommendation properly concluded that Watson's trial counsel's failure to request such an instruction could not supply grounds for habeas relief.

Watson's fifth objection, concerning the Report and Recommendation's assessment of his ineffective assistance of appellate counsel argument, simply rehashes the arguments advanced in Watson's Amended Petition (docket entry 21). Therefore, Watson fails to show that the Report and Recommendation erred in concluding he had not established that the Mississippi Supreme Court unreasonably applied Strickland's requirements to his ineffective assistance of appellate counsel claim. See Neal v. Puckett, 286 F.3d 230, 236 (5th Cir. 2002).

## IV. Conclusion

The Court has independently reviewed the entire record and reviewed de novo the matters raised by the objections. For the reasons set forth above, the Court concludes that Watson's objections (docket entries 34, 37) lack merit and should be overruled.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 31)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the petitioner Dexter Watson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 **(docket entry 1)** is DISMISSED WITH PREJUDICE.

A Final Judgment dismissing Watson's Petition for Writ of Habeas Corpus will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 18th day of October, 2017.

                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE