# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DEXTER WATSON**                                                              **PETITIONER**

**VS.**                                         **CIVIL ACTION NO. 5:14-cv-108-DCB-MTP**

**RAYMOND BYRD**                                                 **RESPONDENT**

## ORDER REGARDING CERTIFICATE OF APPEALABILITY
## AND MOTION TO PROCEED IN FORMA PAUPERIS

This Cause is before the Court on a Motion to Proceed In Forma Pauperis on Appeal **[Doc. 46]** and an Application for Certificate of Appealability **[Doc. 47]** filed by pro se Petitioner Dexter Watson. Having considered the record, Watson's briefing, and applicable statutory and case law, the Court finds as follows:

### I. BACKGROUND

Watson is serving a life sentence for murder in state custody. He petitioned this Court for habeas corpus under 28 U.S.C. § 2254 after exhausting state remedies. [Doc. 1]

Magistrate Judge Michael T. Parker recommended that the Court deny Watson habeas relief. [Doc. 31] After reviewing de novo Magistrate Judge Parker's Report and Recommendation, the Court found habeas relief unwarranted, adopted Magistrate Judge Parker's Report and Recommendation, and dismissed Watson's Petition with prejudice. [Docs. 42, 43]

Watson now asks the Court to (1) certify six issues for appeal to the United States Court of Appeals for the Fifth Circuit, and (2) permit him to appeal in forma pauperis ("IFP").

## II. DISCUSSION

### A.  Certificate of Appealability

Before Watson can appeal the Court's denial of habeas relief on an issue, he must obtain a certificate of appealability ("COA") on the issue. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b); Buck v. Davis, 137 S. Ct 759, 773 (2017).

The Court will grant a COA on an issue if Watson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This "substantial showing" requires Watson to demonstrate that reasonable jurists would find the Court's denial of relief "debatable or wrong," or that the issues Watson has presented "deserve encouragement to proceed further." United States v. Arledge, 873 F.3d 471, 473 (5th Cir. 2017) (internal citations omitted).

The Court decides whether to grant a COA "without full consideration of the factual or legal bases adduced in support of the claims." Rhoades v. Davis, 852 F.3d 422, 427 (5th Cir. 2017) (quoting Buck, 137 S. Ct. at 773); see also Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) ("The COA determination . . . requires

an overview of the claims in the habeas petition and a general assessment of their merits.").

Watson asks the Court for a COA on six issues:

1) "Whether the evidence was sufficient to convict Petitioner of murder";

2) "Whether the jury was instructed on the essential elements of the charge [*sic*] crime";

3) "Whether trial counsel was ineffective for failure to do a thoroughly [*sic*] pretrial investigation";

4) "Whether trial counsel was ineffective for rejecting Petitioner [*sic*] lesser offense instruction of manslaughter";

5) "Whether trial counsel was ineffective for failure to request a circumstantial evidence instruction"; and

6) "Whether appellate counsel was ineffective for not raising Petitioner's Fourth Amendment Claim."

[Doc. 47, p. 2]

### i) Issue One – Sufficiency of Evidence

Watson seeks a COA on the standard of review the Court applied when it rejected his sufficiency of evidence claim. [Doc. 47, p. 2] Watson must show that reasonable jurists would find that the Court's denial of habeas relief on the issue was "debatable or wrong," or that the issue "deserve[s] encouragement to proceed further." Brown v. Thaler, 684 F.3d 482, 487 (5th Cir. 2012) (internal quotations omitted).

Watson has not made the requisite showing. No reasonable jurist would find "debatable or wrong" the standard of review this Court applied. See Arledge, 873 F.3d at 473. Nor would reasonable jurists find that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487. Therefore, Watson fails to make a "substantial showing of the denial of a constitutional right," and the Court shall not grant a COA on this issue. See 28 U.S.C. § 2253(c)(2).

### ii) Issue Two – Jury Instructions

Watson seeks a COA on the Court's denial of habeas relief on his jury instruction challenge. [Doc. 47, p. 2] On this issue, the Court ruled that habeas relief was unavailable due to operation of an independent and adequate state procedural rule. [Docs. 31, 42] So to obtain a COA, Watson must show that reasonable jurists would "find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

Watson contends that reasonable jurists would find the Court's resolution of this issue "debatable or wrong." He reasons that because improper jury instructions can derail a trial, his jury instruction complaint necessarily implicates a fundamental right. And because it implicates a fundamental right, Watson insists, the jury instruction argument must be excepted from

4

Mississippi's prohibition on successive post-conviction relief petitions. See MISS. CODE. ANN. § 99-39-27(9). Watson did not raise this argument in prior habeas briefing; he instead sought to avoid application of the successive-writ prohibition on the ground that Mississippi courts did not regularly apply the bar at the time of his appeal. [Doc. 34, p. 7]

Mississippi law generally prohibits filing successive petitions for post-conviction relief. See MISS. CODE. ANN. § 99-39-27(9). But that ban does not apply to errors affecting fundamental rights. Fluker v. State, 170 So. 3d 471, 475 (Miss. 2015) (en banc). For the fundamental rights exception to apply, "there must at least appear to be some basis for the truth of the claim." Means v. State, 43 So. 3d 438, 442 (Miss. 2010). The only jury instruction error egregious enough to implicate a fundamental right is an instruction that omits an element of the offense. Fitzpatrick v. State, 175 So. 3d 515, 522 (Miss. 2015).

Here, Watson contends that the jury was not instructed on the essential elements of malice aforethought murder. [Doc. 47, p. 8] The Mississippi Supreme Court found that Watson's jury instruction argument failed to qualify for any exception to a procedural bar and was, in any event, meritless. [Doc. 22-3, p. 1] And a review of Jury Instruction No. 5 confirms that the jury was indeed

instructed on the elements of the offense for which Watson was convicted. [Doc. 23-1, p. 21]

Watson fails to establish any "basis for the truth" of his contention that his jury instruction challenge should be excepted from the successive-writ bar. See Means, 43 So. 3d at 442. And so, no reasonable jurist would find that the Court's decision to deny Watson habeas relief on the jury instruction issue was "debatable or wrong." Slack, 120 S. Ct. 1604. Nor would any reasonable jurist find that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487. Therefore, Watson fails to make a "substantial showing of the denial of a constitutional right," and the Court shall not grant a COA on this issue. See 28 U.S.C. § 2253(c)(2).

### iii) Issue Three – Ineffective Pre-Trial Investigation

Watson seeks a COA on the Court's denial of habeas relief on his trial counsel's ineffectiveness in failing to conduct a thorough pre-trial investigation. [Doc. 47, p. 2] To obtain a COA on this issue, Watson must show that reasonable jurists would find the Court's resolution of Watson's pre-trial-investigation-based ineffective assistance of counsel claim to be "debatable or wrong," or that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487.

To start, Watson did not object to Magistrate Judge Parker's finding that this argument lacked merit. [Doc. No. 31, p. 21] And Watson provides no insight as to "what the investigation would have revealed and how it would have altered the outcome of the trial." Trottie v. Stephens, 720 F.3d 231, 243 (5th Cir. 2013). Nor does Watson show that the Fourth Amendment claim he faults trial counsel for failing to investigate had even arguable merit. See Kimmelman v. Morrison, 106 S. Ct. 2574, 2583 (1986); Ward v. Dretke, 420 F.3d 479, 488 n. 19 (5th Cir. 2005).

Watson offers only conclusory complaints of insufficient investigation. Thus, no reasonable jurist would find the Court's denial of habeas relief on Watson's pre-trial investigation ineffective assistance of counsel theory to be "debatable or wrong," or that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487. Therefore, Watson fails to make a "substantial showing of the denial of a constitutional right," and the Court shall not grant a COA on this issue. See 28 U.S.C. § 2253(c)(2).

### iv) Issues Four and Five – Failure to Request Jury Instructions

Watson seeks COAs on the Court's denial of habeas relief on his trial counsel's ineffectiveness in failing to request manslaughter and lesser-included-offense instructions. [Doc. 47, pp. 11-12] To obtain COAs on these issues, Watson must show that

7

reasonable jurists would find the Court's rejection of his jury-instruction-based requests for habeas relief to be "debatable or wrong," or that the issues "deserve encouragement to proceed further." Brown, 684 F.3d at 487.

Watson's manslaughter-instruction-based argument is unavailing. A portion of Magistrate Judge Parker's Report and Recommendation —— to which Watson did not object —— advised that the evidence offered at trial did not support a manslaughter instruction, so trial counsel cannot have been ineffective in failing to request the instruction. [Doc. 31, p. 24]

Watson's other instruction-based ineffective assistance claim is similarly unpersuasive. The evidence presented at trial did not support a lesser-included-offense instruction. [Docs. 31, 42] And even if it did, trial counsel's decision not to request such an instruction could have been a matter of sound trial strategy. See Mosley v. Quarterman, 306 F. App'x 40, 48 (5th Cir. 2008).

No reasonable jurist would find "debatable or wrong" the Court's denial of habeas relief on Watson's claim that trial counsel was ineffective in failing to request manslaughter and lesser-included-offense instructions. Nor would any reasonable jurist find that the issues "deserve encouragement to proceed further." Brown, 684 F.3d at 487. Therefore, Watson fails to make a "substantial showing of the denial of a constitutional right,"

and the Court shall not grant a COA on these issues. See 28 U.S.C. § 2253(c)(2).

### v) Issue Six – Ineffective Assistance of Appellate Counsel

Finally, Watson seeks a COA on the Court's denial of habeas relief for appellate counsel's ineffectiveness in failing to seek plain-error review of Watson's warrantless arrest and extended detention. [Doc. 47, pp. 13-14] To obtain a COA on this issue, Watson must show that reasonable jurists would find the Court's rejection of his request for habeas relief to be "debatable or wrong," or that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487.

Watson fails to make the requisite showing. Appellate counsel is not ineffective for declining to raise a meritless issue on appeal. See Ricalday v. Procunier, 736 F.2d 203, 208 (5th Cir. 1984) ("[I]f there was no prejudice from the trial error, there was also no prejudice from the appellate error."). And the Court has determined that the underlying Fourth Amendment violation — denial of a timely probable cause hearing and initial appearance — lacks merit. [Docs. 31, 42]

No reasonable jurist would find that this Court acted "debatabl[y] or wrong[ly]" in concluding that Watson is not entitled to habeas relief for his appellate counsel's failure to raise a meritless issue. See Arledge, 873 F.3d at 473. Nor would

9

a reasonable jurist conclude that the issue "deserve[s] encouragement to proceed further." Brown, 684 F.3d at 487. Therefore, Watson fails to make a "substantial showing of the denial of a constitutional right," and the Court shall not grant a COA on the issue. See 28 U.S.C. § 2253(c)(2).

B. **In Forma Pauperis Appeal**

Watson asks the Court to relieve him of the obligation to prepay the costs of appeal — or in other words, to proceed IFP. [Doc. 46] The IFP appeal analysis is two-tiered. First, the Court asks whether Watson has filed a statutory-compliant affidavit of poverty. See 28 U.S.C. § 1915(a)(1). And second, the Court considers whether Watson's appeal is taken in good faith. See 28 U.S.C. § 1915(a)(3).

On tier one, Watson must file an affidavit (1) showing he is unable to pay for fees and costs; (2) claiming he is entitled to redress; and (3) stating the issues he intends to present on appeal. 28 U.S.C. § 1915(a)(1); FED. R. APP. P. 24(a)(1). Watson has filed an affidavit satisfying these requirements. [Doc. 46-1]

On tier two, the Court asks whether Watson's appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). If the Court certifies that an appeal is not taken in good faith, then Watson may not appeal IFP. See, e.g., United States v. Misher, 401 Fed. App'x 981, 982 (5th Cir. 2001) (per curiam) (affirming district court's

certification that appeal was not taken in good faith); Robertson v. Louisiana, 246 Fed. App'x 267 (5th Cir. 2007) (per curiam) (same). And if the Court so certifies, it must set forth in writing the reasons for its certification. FED. R. APP. P. 24(a)(2); Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

An appeal is taken in good faith if it seeks review of any non-frivolous issue. Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is non-frivolous if it raises "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); see also Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981) (an appeal is frivolous if it lacks "arguable merit").[1]

Watson's appeal is not taken in good faith. None of the six issues of which Watson seeks appellate review raises "legal points arguable on their merits." Howard, 707 F.2d at 220. Indeed, the appellate issues Watson pinpoints have been rejected time-and-again by this Court and the courts of Mississippi as either meritless, procedurally-barred, or both. The Court therefore certifies that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

---

[1] If the trial court certifies that an appeal lacks good faith, the petitioner has two options. He may, within the time prescribed by Federal Rule of Appellate Procedure 4, pay the full filing fee and all relevant costs and proceed on appeal. Baugh, 117 F.3d at 202. Or, he may challenge the trial court's certification by moving the court of appeals for leave to proceed IFP. Id.

### III. CONCLUSION

Petitioner Dexter Watson fails to demonstrate that reasonable jurists would find "debatable or wrong" the Court's denial of habeas relief on any issue he has raised, or that any such issue "deserves encouragement to proceed further." Arledge, 873 F.3d at 473. Watson therefore fails to make "a substantial showing of the denial of a constitutional right" on any issue, and no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2). Also, the Court certifies that Watson's appeal is not taken in good faith because none of the appellate issues identified by Watson raises "legal points arguable on their merits." Howard, 707 F.2d at 220.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that petitioner Dexter Watson's Motion to Proceed In Forma Pauperis **[Doc. 46]** is **DENIED**, and it is **CERTIFIED** that any appeal of this action would not be taken in good faith;

**FURTHER ORDERED** that petitioner Dexter Watson's Application for Certificate of Appealability **[Doc. 47]** is **DENIED**, and no certificate of appealability shall issue.

**SO ORDERED,** this the 5th day of December, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE